IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN ANDREW NOONAN | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. ELH-12-3668 |
| DAVID ALLEN, | * | |
| M. SCOTT GAWITT, | | |
| JOYCE LOCKRIDGE, and | * | |
| ROMAINE R. JOHNSON | | |
| | * | |
| Defendants | | |

***

# MEMORANDUM

The above-captioned case was filed by the self-represented plaintiff on December 14, 2012, together with a motion to proceed in forma pauperis. Because plaintiff appears indigent, his motion will be granted.

Defendants are employees of M & T Bank, located in Baltimore, Maryland, who cooperated with police efforts to charge and arrest plaintiff with financial cyber crimes. The criminal charges were ultimately "nolle prossed."

The complaint alleges that "defendants conspired together by means of falsified documents, false arrest, false imprisonment, slander, libel, malicious prosecution, peonage/involuntary servitude, excessive bail, hate crime, theft, illegal search and seizure, [and] violations of [plaintiff's] 1, 4, 5, 6, 8, 13, and 14th Amendment [rights]." ECF 1 at p. 2. According to plaintiff, during the investigation of plaintiff, Police Detective Donnelly was allowed to withdraw money from bank accounts owned by plaintiff through use of a power of

attorney that was not properly notarized.[1]  Plaintiff also asserts that defendants Allen, Gawitt, Lockridge, and Johnson had Detective Donnelly falsely arrest plaintiff, without probable cause, based on lies. *Id*. at p. 4.  Plaintiff seeks 20 million dollars from defendants in punitive damages, and an order requiring the return of his personal property.  He further seeks to have defendants charged criminally with a "hate crime" and for the violation of 18 U.S.C. §1581. *Id*. at p. 5.

The instant complaint seeks to present both state law[2] and federal constitutional claims.  This court may preliminarily review a complaint and dismiss it pursuant to 28 U.S.C. § 1915(e), prior to service, if satisfied that the complaint states no legal basis for the relief sought. *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1314 (4th Cir. 1996).

None of the named defendants are state officials.  Rather, they are or were employees of a bank.  In limited circumstances, seemingly private conduct can be the subject of a civil rights suit under 42 U.S.C. § 1983.  The Fourth Circuit recognizes "four exclusive circumstances under which a private party can be deemed to be a state actor:  (1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999), *cert. denied,* 529 U.S.

---

[1] Plaintiff admits he went to M & T Bank to "get documents notarized," including a power of attorney.  Because plaintiff's license had expired, plaintiff claims that defendant David Allen, the Notary Public, failed to obtain "satisfactory proof" of plaintiff's identity. ECF 1 at p. 2.

[2] Actions for falsified documents, false arrest, false imprisonment, slander, libel, malicious prosecution, peonage/involuntary servitude, excessive bail, hate crime, and theft arise out of state law.

1033 (2000). The conduct allegedly committed by defendants does not fall within these four categories, and therefore is deemed private conduct that is not the action of the state. *See Andrews v. Federal Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993). Therefore, the civil rights claims plaintiff asserts against the defendants in the instant case must be dismissed.

To the extent plaintiff has a viable state law claim against any of the named defendants, this court declines to exercise supplemental jurisdiction over those claims. *See* 28 U.S.C. § 1367(c). When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims, without prejudice, rather than retain supplemental jurisdiction. *See Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

Plaintiff's claim that defendants should be criminal prosecuted must also fail as he has no civil cause of action to force the criminal prosecution of another. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (citizens lack standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution); *Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir.1988) (no right to force state to prosecute others under equal protection clause).

A separate Order follows.


December 21, 2012                      /s/
                                       Ellen Lipton Hollander
                                       United States District Judge